**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAMAR ROLAX, | : | Civil No.: 08-0102 (RBK) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Lamar Rolax, Pro Se
#192215
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08102

**KUGLER**, District Judge

Plaintiff, Lamar Rolax, is currently confined at the Camden County Correctional Facility, Camden, New Jersey. Plaintiff seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, and alleges violations of his constitutional rights.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

Plaintiff, on behalf of a number of inmates incarcerated at the Camden County Correctional Facility, states that his fundamental rights have been violated because the county does not provide a probable cause hearing after arrest, and no proper preliminary hearing to determine if a charge should be downgraded.  Plaintiff contends that the preliminary hearing/probable cause hearing is substituted with a "C.J.P. hearing," which is improper procedure and violates his rights.

Plaintiff also notes that the facility is overcrowded, with four inmates to a cell and fights over phone use.  Plaintiff argues that the C.J.P. hearing was devised to alleviate the overcrowding, but it only enhanced the situation.

Plaintiff names as defendants Eric Taylor, the warden of the facility, Thomas Brown, Jr., the presiding judge of the county, the Clerk of the county, and John and Jane Does, county freeholders.  He asks for monetary and other relief.

## DISCUSSION

**A.    Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404

U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See id.</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough

> factual matter (taken as true) to suggest" the required
> element.  This "does not impose a probability
> requirement at the pleading stage[ ]" but . . . "calls
> for enough facts to raise a reasonable expectation that
> discovery will reveal evidence of" the necessary
> element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

First, Plaintiff's claim that he was denied a probable cause hearing in the course of his state criminal proceedings is essentially a matter of state law procedure.  Liberally construing the complaint, Plaintiff asserts a due process claim

4

due to the absence of a probable cause hearing.  However, it is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, it is clear that state proceedings implicating important state interests are ongoing, and that Plaintiff has the opportunity to raise his instant claims in that proceeding.  Plaintiff has failed to plead any special circumstances that would take this case out of the Younger

5

abstention doctrine. Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending. See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).

Additionally, although this Court has mandamus jurisdiction under 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."), section 1361 does not confer on this Court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court. See Urich v. Diefenderfer, 1991 WL 17820 (E.D. Pa. Feb. 11, 1991). Thus, this Court does not have jurisdiction to order the state court to conduct a probable cause hearing in Plaintiff's criminal case.[1]

As to Plaintiff's statements regarding conditions of confinement, Plaintiff mentions only, "4 to a cell, fights over phone space, overcrowded conditions," apparently in relation to

---

[1] The Court also notes that Plaintiff does not claim that he has been falsely arrested; rather, he claims that he should have had a probable cause hearing instead of a "C.J.P." hearing. However, any claims for monetary relief would be barred by Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) (finding that if Plaintiff's § 1983 was successful, it would have the hypothetical effect of rendering his future conviction invalid; thus, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").

6

the C.J.P. hearing, which was "devised by Judges to relieve [the] overcrowded situation." If Plaintiff wishes to pursue claims of overcrowding and other allegedly unconstitutional conditions of confinement, Plaintiff may file a complaint alleging so. In this case, however, Plaintiff's overcrowding claims are asserted in support of his probable cause/C.J.P. hearing complaints, and are not construed by this Court as separate claims.

    Finally, the Court notes that judges, such as named defendant Judge Thomas Brown, Jr., are absolutely immune from § 1983 suits based on actions taken in their official judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991). A judge is not deprived of such immunity even for actions taken in error or in excess of judicial authority. See id. at 12-13; Stump v. Sparkman, 435 U.S. 349, 356 (1978). The reason for this immunity is as follows:

> [T]he nature of the adjudicative function requires a
> judge frequently to disappoint some of the most intense
> and ungovernable desires that people can have....
> [T]his is the principal characteristic that
> adjudication has in common with legislation and with
> criminal prosecution, which are the two other areas in
> which absolute immunity has most generously been
> provided. If judges were personally liable for
> erroneous decisions, the resulting avalanche of suits,
> most of them frivolous but vexatious, would provide
> powerful incentives for judges to avoid rendering
> decisions likely to provoke such suits. The resulting
> timidity would be hard to detect or control, and it
> would manifestly detract from independent and impartial
> adjudication.

Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000)(citing Forrester v. White, 484 U.S. 219, 226-227 (1988)).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice.  An appropriate order follows.




S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: July 1, 2008